ORIGINAL

KUNTZ, J.

BLOOM, M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Keith Drew

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

Service for Underserved

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**Complaint for a Civil Case**

Case No. **CV 18 - 6673**

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☑ Yes  ☐ No
*(check one)*



I.  **The Parties to This Complaint**

A.  **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Keith Drew |
| Street Address | 10 Paladino Ave 16B |
| City and County | New York |
| State and Zip Code | New York 10035 |
| Telephone Number | 347-855-9146 |
| E-mail Address | |

B.  **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Service for Underserved |
| Job or Title (if known) | Corporation |
| Street Address | 1000 Blake Aveave |
| City and County | Brooklyn |
| State and Zip Code | New York 11208 |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | City of New York |
| Job or Title (if known) | Municipality |
| Street Address | 100 Church Street |
| City and County | New York |

2

State and Zip Code _____ New York 10007 _____
Telephone Number _____
E-mail Address _____
(if known)

Defendant No. 3
 Name _____ Sergeant Guzman _____
 Job or Title _____ D.M.S Police _____
 (if known)
 Street Address _____ 1000 Blake Avenue _____
 City and County _____ Brooklyn _____
 State and Zip Code _____ New York 11208 _____
 Telephone Number _____
 E-mail Address _____
 (if known)

Defendant No. 4
 Name _____ Donna Colonna _____
 Job or Title _____ C.E.O. Blake Avenue _____
 (if known)
 Street Address _____ 1000 Blake Avenue _____
 City and County _____ Brooklyn _____
 State and Zip Code _____ New York 11208 _____
 Telephone Number _____
 E-mail Address _____
 (if known)

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

## STATEMENT OF CLAIM

# ( DEFENDANTS )

1 of 1

City of New York

Joslyn Carter - Administrator, Dept. of Homeless Services

Steven Banks - Commissioner, Human Resources Admin.

Donna Colonna - Chief Executive Officer, Service for the Underserved

Ms Jordan - Director, S.U.S. Blake Avenue

Mr Kenny Beverley - House Mgr. S.U.S, 1000 Blake Avenue

Mr. Williams - House Mgr,    Mr. Desmond - House Mgr.

Sergeants, Disclvo-Shield #/28, Guzman

Police officers : Haynes # 261, Mercury, ~~Gordon~~ Aft

Gordon - Mayfield, Manigo, Watt, Francisco, Ms Rodriguez

Pritchard, and Percell - ("S.U.S") 1000 Blake Avenue

Lieutenant Green - S.U.S - 1000 Blake Avenue

Kendra Pajevic - D.S.S. ("S.U.S.") 1000 Blake Avenue

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.**    **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42. USC 1983, American with Disabilities, First, Fourth, and Fourteenth Amendment

**B.**    **If the Basis for Jurisdiction Is Diversity of Citizenship**

     1.    The Plaintiff(s)

         a.    If the plaintiff is an individual

The plaintiff, *(name)* Keith Drew, is a citizen of the State of *(name)* New York.

         b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

     2.    The Defendant(s)

         a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____

b.    If the defendant is a corporation

The defendant, *(name)* _____, is
incorporated under the laws of the State of *(name)*
_____, and has its principal place of
business in the State of *(name)* _____. *Or* is
incorporated under the laws of *(foreign nation)*
_____, and has its principal place of
business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an
additional page providing the same information for each additional
defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant
owes or the amount at stake—is more than $75,000, not counting interest
and costs of court, because *(explain):*

_____

_____

_____

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as
briefly as possible the facts showing that each plaintiff is entitled to the damages or other
relief sought.  State how each defendant was involved and what each defendant did that
caused the plaintiff harm or violated the plaintiff's rights, including the dates and places
of that involvement or conduct.  If more than one claim is asserted, number each claim
and write a short and plain statement of each claim in a separate paragraph.  Attach
additional pages if needed.

SEE Attached

## STATEMENT OF CLAIM

1) The touchstone of Due Process is protection of the individual against arbitrary action of government. This Federal Question action seeks judicial remedy of the discriminatory abuses tolerated endorsed, and encouraged by the City of New York (hereinafter ("The City") and the Department of Homeless Services (hereinafter ("D.H.S")

2) ("City") has initiated an official policy of classification directed exclusively toward homeless males that has created a de facto penalogical atmosphere within an institution utilized by the general public.

3) Plaintiff has diagnosed with severe mental illness which is federally recognized as a disability, ("The City") meanwhile has established a mentally ill homeless classification that has served to punish this Plaintiff, and all other similarly situated classifications; with undue burdens on liberty and property interests

4) ("The City") and ("D.H.S") have awarded contracts to Service for the Underserved, C.E.O. Donna Colonna to manage and regulate 1000 Blake Avenue which has created an unofficial jail setting disguised as a homeless shelter (hereinafter "S.U.S.")

STATEMENT OF CLAIM

5)    Plaintiff has come to this realization by a critical examination of the Blake Avenue policy terminology.

6) English - the language of many areas formerly under British rule - Merriam Webster.  An examination of 1000 Blake Avenue policy terminology reveals the following:

7)    Upon Plaintiff's initial entry to 1000 Blake Avenue on Feb 5, 2018, Contraband List never listed Electric Clippers.  After an arbitrary decision to confiscate my new set of harrcutting clippers on Nov 9, 2018, a new Contraband List was posted on Nov 21, 2018, to try and justify their arbitrary theft and disregard of my Grievance Submissions (EXHIBIT A )

8)    A razor has a sharp cutting edge and is not in any way compatible with an Electric Clipper, however, Director Ms Lakia Jordan joined my Electric Clippers with razors as Contraband items in an attempt to justify her denial of my Grievance on Nov 16, 2018 (EXHIBIT A )

## STATEMENT OF CLAIM

9) New Contraband List was posted on facility walls on November 21, 2018; a full nine (9) months after Plaintiff's intake.

10) ("D.H.S.") police officers, Mr Mercury and Ms. Rodriguez were, at all times, performing their official duties; at the Blake Avenue Shelter Main Entrance; when they confiscated and/or destroyed Plaintiff's personal, blue-tooth, property on Nov 22, 2018; on Thanksgiving, with only one day of conspicuous notice by Service for the Underserved employees (Exhibit 1)

11) Defendant, P.O. Mercury violated Plaintiff's freedom of movement and liberty rights, by pushing me away from the Front Entrance and S.U.S staff offices, as I attempted to request Grievance forms for this reckless and negligent deprivation of personal belongings.

12) The unwarranted touching of Plaintiff, coupled with the combined abuse of authority from Ms. Rodriguez and Mr. Mercury, in order to effectuate an illegal seizure; caused me to fear both my safety and my liberty

## STATEMENT OF CLAIM

13) ("D.H.S") and Service for the Underserved failed to train those employees, who are involved with these specific homeless classifications, in the limits of their authority; and, in the establishment of rules and procedures that respect the rights and privileges of New York City residents.

14) Plaintiff has experienced personal property injury as a direct and proximate result of this lack in adequate and appropriate training

15) ("The City") has failed in the duty to provide meaningful oversight and guidelines for 1000 Blake Avenue S.U.S. homeless shelter, and as a result their are never any employees or Police Officers with Mental Health and sensitivity training on site at any time.

16) The result of this neglect is discriminatory abuse of Plaintiff in violation of Federal American with Disabilities Act statutes.

17) There arbitrary classification policy only leads to unequal and uneven treatment in the complete absence of adequate mental health training

STATEMENT OF CLAIM

18) By the determination to designate S.U.S 1000 Blake Avenue as Mental Health specific, while not requiring staff to be trained in mental health has resulted in numerous violations of this Plaintiff's rights that are, in fact, capable of repitition, yet, evading review.

19) The Takings Clause and Unreasonable Seizure Clauses have been, and will continue to be violated through the absence of adequate and meaningful training and oversight of ("D.H.S") Police and ("S.U.S") shelter staff.

20) ("The City") is fully and thoroughly complicit with the violations described herein, perpetrated by ("D.H.S") and ("S.U.S") civilian staff and ("D.H.S") police officers.

21) Plaintiff represents a clear deprivation of Due Process and Reasonable Accomodation rights and privileges directed towards a distinct disabled class without valid objective or statutory authority, in contravention of Federal statutes and Constitutional protections

STATEMENT OF CLAIM

22)   ("The City") has established ("S.U.S"), 1000 Blake Avenue to be an exclusive provider of homeless assistance to a distinct mentally disabled class, without meaningful or appropriate expertise and training in proper treatment of psychological disabilities.

23)   ("D.H.S") has established and regulated all homeless shelters within the New York City area without adequate regard for the United States and New York State Constitutional limits of their statutory authority.

24)   ("D.H.S") has failed in their primary obligation to this Plaintiff, by their refusal to consider the actual premise of the condition of homelessness; i.e. - without permanent residence - when authorizing and condoning the rules, policies, and procedures established by ("S.U.S"), 1000 Blake Avenue

25)   ("D.H.S") rules, policies, and procedures of shelters designated under the Assessment Classification are drastically more inclusive and accommodating to the disabled class than the ("S.U.S") Mental Health permanent shelter, Plaintiff has been assigned.

Case 1:18-cv-06675-WFK-LB Document 1 Filed 11/26/18 Page 13 of 46 PageID #: 13

## STATEMENT OF CLAIM

26) Defendants, Steven Banks, and Joslyn Carter have unduly burdened this Plaintiff with the deprivation of protected property interests by failing to provide reasonable and adequate oversight and review of their respective departments classification policies and assistance providers.

27) Plaintiff is, at all times, relevant to this action, a disabled, mentally ill, homeless, resident and citizen of the United States, and ("The City")

28) Defendant, Joslyn Carter fails to provide adequate Due Process and Reasonable Accommodations for this Plaintiff, in spite of the fact, that ("D.H.S") has established a Departmental Classification Policy for New York City homeless residents.

29) Defendant, Donna Colonna, as C.E.O. of S.U.S 1000 Blake Avenue, has failed in her duty to the City of New York, and this Plaintiff to provide a Reasonable Accommodation or properly trained and educated Mental Health Treatment staff; despite being authorized and contracted to exclusively provide such Mental Health Treatment by ("D.H.S")

## STATEMENT OF CLAIM

30)  All discretionary abuses described herein have been sanctioned, and condoned by defendant, C.E.O. Colonna, through the failure to exercise meaningful oversight and review, within an official policy-making capacity; of the policies established in 1000 Blake Avenue, an ("S.U.S") facility.

31)  ("The City") has also failed to review the foreseeable outcomes of allowing ("D.H.S") and a separate department - ("S.U.S") to establish rules, policies, and procedures for the same circumstances, which has led to an overregulation of the homeless population, and; clearly discriminatory enforcement of biased and invalid rules within the context of mental disabilities.

32)  In light of this negligence, Plaintiff has suffered Extreme Mental Distress, Anxiety, Anger bouts, loss of property, and humiliation; all of which may be permanent pecuniary injury.

33)  The loss of thousands of dollars in personal property by the failures to provide meaningful policy review and Reasonable Accommodations, to the Plaintiff's Homeless Class, contravene the United States Constitution and the A.D.A.

Claim

34)    Defendants have caused Intentional Infliction of Mental and Emotional Distress through the undue burdens of forcing clients, with disability classifications, to be constantly and continuously ill at ease with their purchasing decisions for fear of being deprived of any random number of personal items through unreasonable denial of necessary homeless accommodations and arbitrary discretionary abuses of authority selectively enforced on personal whim or caprice.

35)    Defendants collectively set and enforce various arbitrary rules and regulations with no effort made to collect constructive knowledge as to the lawfulness or actual effectiveness of these acts upon the primary recipient.

36)    Defendants demonstrate an deliberate indifference to the mentally ill, as a whole; and Plaintiff particularly; through the failure to meaningfully evaluate and review the significant impact of their rules, and policies on distinct, recognizable classes of homeless citizens.

STATEMENT OF CLAIM          10 OF 15

## First Cause of Action

37) By this reference, Plaintiff incorporates each and every allegation, and averment, set forth in paragraphs 1 through 36, of this complaint; as though fully set forth herein

38) Plaintiff entered 30th Street, Men's Diversion, on Jan. 9, 2018, on statutory orders from New York State Board of Parole; in possession of all personal property; without incident, or official notification, from ("D.H.S") employees; as to any, specific, restrictions on my property interests; that had been authorized by ("The City")

39) Plaintiff entered B.R.C. Assessment Center on Jan. 13, 2018; after a four (4) day Intake Process, without official notification provided by ("D.H.S") as to any changes or restrictions required in my property interests from the private homeless provider, B.R.C Assessment or ("The City")

40) These actions clearly demonstrate a Double Standard in the policy-making actions of ("The City") B.R.C. Assessment, and ("S.U.S") 1000 Blake Avenue

STATEMENT OF CLAIM      11 OF 15

41)   There is a more inclusive and meaningful accommodation provided to the mentally-ill at B.R.C Assessment, where Plaintiff resided from Jan 13, 2018 through Feb. 5, 2018; without any restrictions or deprivation of those, very same articles of personal possessions; that have resulted in this complaint.

42)   Plaintiff requests Judicial Notice of the discrepency between the Reasonable Accommodations ,and Due Process protections, offered to this Plaintiff's disability class, by B.R.C. Assessment and lack of the same protections by ("S.U.S") 1090 Blake Avenue in spite of them both being contracted by ("The City") to service the same disability class.

43)   These discrepancies between two (2) different city-contracted homeless providers; for the same client-class, indicates deliberate indifference, by these defendants; for Constitutional and Statutory Rights of this Plaintiff.

## STATEMENT OF CLAIM          12 OF 15

44)   Plaintiff never recieved adequate information on the rules of conduct due to the inaccurate and ambiguous labeling of the ("S.U.S") Intake Packet which fails to differentiate between the Blake Avenue Shelter rules, and the separately labled, Program rules; which were both presented to this Plaintiff on Feb. 6, 2018; but, were not designated to apply to the same service; and were never accurately explained as such

45)   Contraband List presented to this Plaintiff on Feb. 6, 2018, was labled; Blake Locker Search Contraband List, in complete contrast to the Blake Contraband List of Exhibit A   posted months after Plaintiff's initial Intake, and only after an officially sanctioned confiscation, of Plaintiff's electric clippers; which had never been listed on the original Contraband List

46)   Defendant, Director Lakia Jordan has no qualifications established, under New York State Office of Mental Health; to provide a Mental Health Treatment Facility that is not oppressive or unconstitutional



STATEMENT OF CLAIM                    13 OF 15

## Second Cause of Action

47) February, 2018; Plaintiff began the long process, of property loss deprivations that have resulted in this complaint.

48) On Feb. 14, 2018; Plaintiff was deprived of two-hundred (200) dollars in personal property items, for the first time, in my shelter experience; by means of a locker search conducted, outside of my presence; by defendants, Police Officer Haynes # 671, Sergeant Discluo # 28  (Exhibit 2)

49) Kenny Beverley began a year-long harassment campaign, that led to the official confiscation of Plaintiff's personal-blue-tooth speakers on November 22, 2018.

50) Defendant, Mr. Beverley has no qualifications necessary to provide meaningful mental health services for members of Plaintiff's, specific, homeless classification.

51) ("The City") failed to provide the training of Mr. Beverley that will prevent those forms of violations described herein.

52) Defendants, House Managers, Mr Williams and Mr. Desmond have violated my liberty and property rights in the month of November, 2018, by failing to provide ("S.U.S") clients with a Reasonable Storage Accommodation in accordance with the American with Disabilities Act and ("D.H.S") Homeless Classification Procedure. (Exhibit 3)

53) Defendant, House Managers of ("S.U.S"), 1000 Blake Avenue have no qualifications or training necessary for meaningful assistance to the specific homeless-class, serviced, within Blake Avenue; in blatant breach of their contractual responsibilities

54) Defendant, D.H.S. Police have violated all rights privileges, immunities of this Plaintiff on Nov. 9; Nov. 12; Nov 19; and Nov. 21, 2018 (Exhibits 3 and 4)

55) As a direct and proximate consequence, Plaintiff suffers Mental Anguish and Distress, Depression, Humiliation, Anxiety, and Property loss, in addition to an undue exacerbation of Plaintiff's Pre-Existing Malady



STATEMENT OF CLAIM          15 OF 15

56)    This Cause of Action requires Injunctive and Declaratory Relief, and Actual and Punitive Damages to compensate for these rampant and clearly class-based abuses by ("The City") and these fully sanctioned homeless providers.

57) ("The City") is deliberately indifferent to the punishments inflicted on Plaintiff's specific homeless-class, through arbitrary policies and regulations that are implemented without any provision of Reasonable Accommodation or Adequate Due Process resulting in detriment to this Plaintiff

58)   Abusive policies and regulations of ("D.H.S") and ("S.U.S") have created a de-facto penal environment with the requisite loss and hardship of the kind described herein,

59) The decision to implement a Classification system for certain segments of the population has created a liberty interest within "D.H.S") that requires judicial review)

IV.     **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_____

_____

_____

_____

_____

V.      **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.      **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11 - 26 , 20 18

Signature of Plaintiff _____

Printed Name of Plaintiff _____Keith    Drew_____

EXHIBIT A

# BLAKE CONTRABAND LIST

- CANDLES
- INCENSE
- DRUGS, ALCOHOL AND K2
- PORNOGRAPHY
- TELEVISIONS
- STEREOS/HAND HELD RADIOS
- SPEAKERS
- CANS
- GLASS BOTTLES/CONTAINERS
- RAZORS/ELECTRIC CLIPPERS
- HOT PLATES
- EXTENSION CORDS
- TOOLS
- AEROSOL CANS
- WEAPONS
- LIGHTERS
- SCISSORS
- TWEAZERS/NAIL CLIPPERS WITH SHARP PIECE
- CANES NOT INTENDED FOR MEDICAL PURPOSES

On November 16, 2018, client Keith Drew met with CM Julisa Woods, SCM Danieshka Bottex, DSS Kendra Pajevic, and PD Lakia Jordan to discuss two grievances the client submitted on Friday November 9th, 2018 and on Monday November 12th, 2018. On Monday, November 12, 2018, client lost his bed due to a verbal disagreement with staff. Client stated that he had an issue with his bed area not being clean. Ms. Jordan, the program director, stated that she was informed about the client smoking a cigarette in his bed. Client denied smoking in the dorm. Client stated that bed area was dirty, and if cigarettes were there, it wasn't from him. Ms. Jordan informed client that she will be following up with the staff. On Friday November 9, the client entered the facility with hair grooming materials which are not permitted to enter the facility. Client was unaware that he was able to bring the clippers on site stating that he was not informed. Client stated that he took the clippers offsite, where the clippers were stolen. Ms. Jordan, the program director informed Mr. Drew being that the clippers were taken offsite, we are unable to reimburse him the money. Ms. Jordan apologized and informed the client that he should have been offered the opportunity to have staff hold the clippers until he was able to take them offsite. Client has been provided a contraband list. Client has been informed that he will not be reimbursed.

**S:US**
OPPORTUNITY FOR ALL

## Blake Statement Report Form

| Name of Person Making the Report: | Location of Report: |
|---|---|
| ☑ Client - Bed Number: 3-015<br>☐ Visitor | Blake Ave Main Entry<br>1000 Blake Ave |
| **Name of other Party/Parties involved:**<br>All screening D.H.S Police officers at Main Entry point on Fri, Nov 9, 2018 | **Date of Report** (month/day/year):<br>11/09/2018<br>**Time of Report** (a.m./p.m.):<br>07:00/PM |

**Detailed Description of the Report:** Describe exactly what happened, who was involved (use names, if known), what was said, when and where the incident happened.

Keith Drew was unduly and unnecessarily harassed by the 07:00 P.M House Mgr. on 11-09-18 on orders of the Director Ms. Jordan to forbid clients from entering 1000 Blake Ave while in possession of legally owned hair-cutting and hair-grooming products with no process available to assist those clients who are in possession of these products and also without process due to this property owner for adequate notice of facility requirements. (Next PAGE)

S·US
OPPORTUNITY FOR ALL

As a result of these discriminatory decisions and orders, and unlawful enforcement of said orders by D.H.S. Police this client was injured to the sum of thirty-five dollars for loss of a newly-purchased Professional Hair-Cutting product on 11-09-18 that was not allowed inside Blake Ave facility and had to be discarded on orders of Police Officers, at Main-entrance, and House Manager, Kenny Beverley

This client was never, at any time, notified of this Blake Ave facility rule, and finds discrimination of Blake Ave clients, in these arbitrary abuses of authority and discretion which target the specific class of client referred to in S.U.S. manual as Mental Health, which is S.U.S. Blake Ave only requirement for placement

_____
Keith Drew
**Signature of individual making report**

11-10-18
**Date**

# EXHIBIT 1

## Blake Statement Report Form

| Name of Person Making the Report: | Location of Report |
|---|---|
| Keith Drew | Main Entrance Blake Avenue S.V.S |
| ☐ Client - Bed Number: 3-031 ☐ Visitor | |
| Name of other Party/Parties involved: Kenny Beverley House mgr P.O. Rodriguez MS P.O. Mercury Mr P.O. Pritchard | Date of Report (month/day/year): 11/22/2018 Time of Report (a.m./p.m.): 5:10 |

**Detailed Description of the Report: Describe exactly what happened, who was involved (use names, if known), what was said, when and where the incident happened.**

P.O. Ms Rodriguez and P.O. Mr Mercury confiscated this writer's personal speaker-bluetooth after my return from a ten-minute store run in accordance with a rule that was posted on the walls of S.V.S Blake Avenue on 11-21-2018 without any due process available to allow this owner to safeguard his property until an opportunity arises to remove the blue-tooth from the facility at a convenient opportunity

## Blake Statement Report Form

| Name of Person Making the Report: | Location of Report |
|---|---|
| Keith Drew | Page 2 |
| ☐ Client - Bed Number: _____ <br> ☐ Visitor | |
| Name of other Party/Parties involved: | Date of Report (month/day/year): |
| _____ <br> _____ <br> _____ | Time of Report (a.m./p.m.): |

**Detailed Description of the Report:** Describe exactly what happened, who was involved (use names, if known), what was said, when and where the incident happened.

SUS Blake Avenue has confiscated or destroyed approximetely one-thousand ($1,000) dollars of this writer's personal property interests over the course of ten (10) months by the reckless actions of SUS staff and D.H.S. security police in violation of the Takings Clause and Unreasonable seizures clause

## Blake Statement Report Form

| Name of Person Making the Report: | Location of Report |
|---|---|
| Keith Drew | Page 3 |
| ☐ Client – Bed Number: _____ | |
| ☐ Visitor | |
| Name of other Party/Parties involved: | Date of Report (month/day/year): |
| _____ | |
| _____ | Time of Report (a.m./p.m.): |
| _____ | |

**Detailed Description of the Report:** Describe exactly what happened, who was involved (use names, if known), what was said, when and where the incident happened.

Has of this date 11-22-2018, I have been harassed and oppressed by well over 6 P.H.S Police officers with the highest ranking being a Sgt. and have had my personal blue-tooth property confiscated on this date after a 10 minute store run in spite of the fact that this rule was only posted on 11-21-2018 the day before.

S.U.S. Blake Avenue has been designated as a mental health shelter by the City of New York under the auspices of Dept. of Homeless Services. Director, Ms Jordan House Manager, Kenny Beverley and Mr Desmond and Mr. Williams have not been adequately or properly trained in working with the mentally ill citizens they are required to service and as a result they post oppressive rules without adequate or sufficient notice or alternatives for the mentally ill homeless and this writer has been deprived of his legal property interests through the threats of arrest and/or bodily harm from P.O. Ms Rodriquez and P.O. Mr. Mercury on 11-22-2018

Signature of individual making report

11-22-2018
Date

Page 4

P.O. Pritchard had me wait 1 half hour before providing me with grievance forms about this confiscation of blue-tooth device and there were no supervisory personnel on site to give me opportunity to bring my complaint to a higher authority. This action and all other oppessive actions are confined to this specialized shelter service and are not practiced at the more generalized shelter residences which raises this act to a violation of the Federal American with Disabilities Act under 42 U.S.C. 1983. I am demanding an Administrative Reimbursement of the full cost of my personal property interest in adequate compensation

Keith Drew
Signature of individual making report.

11-22-2018
Date

Page 5



S:US
OPPORTUNITY FOR ALL

## Blake Statement Report Form

| Name of Person Making the Report: | Location of Report |
|---|---|
| | Locker of Bed 3-032 |
| ☑ Client Bed Number 3-032 | |
| ☐ Visitor | |
| Name of other Party/Parties involved: | Date of Report (month/day/year) |
| | 02/16/18 |
| | Time of Report (a.m./p.m.) |
| | 9 |

**Detailed Description of the Report:** Describe exactly what happened, who was involved (use names, if known), what was said, when and where the incident happened.

P.O Haynes #671 Sgt Diaz100 #28 RA Faccei(?)
were equally involved in the theft of (1) Google Play
Card valued at $100⁰⁰ dollars, damage to my I Phone
which I haven't valued at the time of this writing
the confiscation of food condiments and sugar & mayo
that weren't listed on the report of the search



**NYC**
Department of
Homeless Services

# NOTICE REGARDING LOCKER SEARCH

| Shelter: Bloke | Date: 2/15/18 | Time: 1340 |
|---|---|---|
| Client's Name (If available): Orew, Keith | | CARES ID # 982558 |
| Room / Dorm # 305 | Floor # 3rd | Bed / Locker # 22 |
| **Search Type:** ☐ Reasonable Suspicion | ☐ Routine | ☑ Random |

On the date and time listed above, your locker was opened as per DHS Policy and Procedure # AS 98-401 and the contents inspected by agency and security staff.

**Authorized Lock:** ☐ Yes ☐ No     **New Lock Affixed:** ☐ Yes* ☐ No

**Lock Cut:** ☐ Yes ☐ No     *Attach Combo Tag to Shelter Copy*

**Client present:** ☐ Yes ☐ No

| Contraband / Weapons Confiscated: | Unauthorized Items Confiscated: |
|---|---|
| ☑ None | ☐ None |
| | 1 garbage can |
| | 1 electric heater |
| | |
| | |

| Property Envelope # | Property Seal # |
|---|---|
| PD Voucher # | Tag # |

| DHS PO Name (Print): PO Haynes | Shield # 671 | Signature: |
|---|---|---|
| DHS Sergeant Name (Print): Sqt Osciuo | Shield # 28 | Signature: PO |
| Witness – Shelter Staff Name (Print): JACOUE H | Title: RA | Signature: |

Please direct any questions regarding this matter to the shelter official listed above, shift supervisor or shelter management.

Client Grievance Procedure -- Appendix A



**Department of
Homeless Services**

Seth Diamond
Commissioner

## CLIENT GRIEVANCE FORM

**Clients have the right to bring complaints without fear of reprisal or being deprived of shelter**

**INSTRUCTIONS:** Clients must complete Section I and submit this form, along with any supporting materials, to the Program/Facility Director or to his/her Case Manager. If the subject of the concerns that Director or Case Manager, clients should submit this form to the DHS Office of Advocacy ("OCA"). Any Director, or OCA, receiving a completed form must complete Section II and return it to the Client within seven (7) business days.

**Section I:** (To be completed by the Client)

Name: Keith Drew

Address/Facility/Program: 1000 Blake Ave

Social Security/Case Number: 982558        Phone:

Signature:                                 Date: 2-16-18

**Describe the Grievance (attach additional sheets and supporting documentation as appropriate):**
On 2-15-18 a random search was conducted by DHS without my presence on the premisis and resulted in the theft of (1) GooglePlay card worth $100 dollars and the damage to my phone

**Section II:** (To be completed by the Director, or OCA, in seven (7) days)

Name/Title: _____

Facility/Program: _____

Address: _____

Phone: _____ Date Received: _____

Signature: _____

**Written Explanation or Resolution of Response (attach additional sheets and supporting documentation as appropriate):**

_____

_____



S:US
OPPORTUNITY FOR ALL

## Blake Statement Report Form

| Name of Person Making the Report: | Location of Report |
|---|---|
| Keith Drew<br>☑ Client - Bed Number: 3-32<br>☐ Visitor | Search Area in Blake Ave Men's Shelter |
| Name of other Party/Parties involved:<br>P.O Mercury<br>House Mgr - 7:00 P.M | Date of Report (month/day/year):<br>2-28-18<br>Time of Report ( .m./p.m.)<br>7:00 |

**Detailed Description of the Report: Describe exactly what happened, who was involved (use names, if known), what was said, when and where the incident happened.**

I purchased a six-inch extension cord for use with my Asthma Nebulizer Machine and the officer and House Mgr confiscated it along with the machine itself, but upon returning the machine the extension cord was lost and never returned to me and no receipt or property form was provided to me





**S:US**
OPPORTUNITY FOR ALL

### Blake Statement Report Form

| Name of Person Making the Report: | Location of Report |
|---|---|
| ☐ Client - Bed Number: 3-015 <br> ☐ Visitor | 3-015 bed in SUS Blake Avenue, Bklyn. N.Y 11201 |
| Name of other Party/Parties involved: <br> P.O. Guzman | Date of Report (month/day/year): 11/12/2018 <br><br> Time of Report (a.m./p.m.): 10/00/PM |

**Detailed Description of the Report:** Describe exactly what happened, who was involved (use names, if known), what was said, when and where the incident happened.

Staff members escorted this client out of his bed and into Bellvue Assessment without authorization or valid purpose, representing themselves as House Manager. The actual House Mgr. Mr Desmond took no action to mediate the dispute and is complicit in all abuses suffered by this client. An argument is protected First Amendment speech and being subjected to transfer for an exercise of this right is an abuse of constitutional dimensions

S·US
OPPORTUNITY FOR ALL

Sgt. Guzman was fully complicit in this abuse of authority by directing 2 officers to forcefully remove this client from the dorm area into the transfer bus. House Mgr. Mr. Desmond allowed subordinates to initiate actions that are reserved for his position without any oversight or intervention

Signature of individual making report

11-14-18
Date





**OPPORTUNITY FOR ALL**

## Blake Statement Report Form

| Name of Person Making the Report: | Location of Report |
|---|---|
| ☑ Client - Bed Number: 3-031<br>☐ Visitor | Room 305-bed 31 |

| Name of other Party/Parties involved: | Date of Report (month/day/year):<br>11-09-2018<br><br>Time of Report (a.m./p.m.):<br>2:00 |
|---|---|
| _____<br>_____<br>_____ | |

**Detailed Description of the Report: Describe exactly what happened, who was involved (use names, if known), what was said, when and where the incident happened.**

In the course of my stay at Blake Avenue Sgt. Guzman has violated my rights on numerous occasions in the month of November including a confiscation of my personal food items on Nov. 19, 2018 and demonstrated a personal animosity and bias by neglecting to confiscate an unauthorized metal garbage can from the client in bed 32 who caused the initial

**Blake Avenue Shelter**

S:US
OPPORTUNITY FOR ALL

disturbance that required Sgt. Guzman to respond to room 305. Sgt. Guzman failed to confiscate the unauthorized garbage can which demonstrates a personal animus toward this client through the confiscation of my food items

Signature of individual making report

4-20-2018

Date

**S:US**
OPPORTUNITY FOR ALL

## Blake Statement Report Form

| Name of Person Making the Report: | Location of Report |
|---|---|
| ☐ Client - Bed Number: 3-031 <br> ☐ Visitor | Room 305 |
| Name of other Party/Parties involved: <br> P.O. Percell <br> P.O. Francisco <br> Mr. Williams House Mgr | Date of Report (month/day/year): <br> 11/21/2018 <br><br> Time of Report (a.m./p.m.): <br> 8:00 |

**Detailed Description of the Report:** Describe exactly what happened, who was involved (use names, if known), what was said, when and where the incident happened.

Mr Williams ordered P.O. Francisco to threaten this writer with bodily harm in order to evict me from S.U.S. Blake Avenue Mens Shelter for playing my personal music without valid authorization of legal standing. I was under Police seizure for over 2 hours in house slippers without access to my personal property before being allowed to return to my sleeping area.

**S:US**
OPPORTUNITY FOR ALL

I have never been properly informed of the rules of S.U.S Blake Avenue and have been evicted from this shelter on two occasions in the course of two weeks without prior notice of forbidden conduct, in violation of Fourth Amendment seizure clause;

_____
Signature of individual making report

11-20-2018
Date