

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KEITH DREW,

                Plaintiff,

        v.

CITY OF NEW YORK, *et al.*,

                Defendants.
-----------------------------------------------------------------x

**DECISION AND ORDER**
18-CV-6673

**WILLIAM F. KUNTZ, II United States District Judge:**

For the reasons set forth below, the Court dismisses this action without prejudice for failure to prosecute.

## Background

On November 26, 2018, Keith Drew ("Plaintiff") filed a Complaint in this Court against Service for Underserved, the City of New York, and several individual defendants (collectively, "Defendants") alleging violations of 42 U.S.C. § 1983, the Americans with Disabilities Act, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Compl., ECF No. 1. On June 21, 2019, Defendants filed a request for a pre-motion conference in anticipation of a motion to dismiss the Complaint. ECF No. 36.

On August 12, 2019, the Court ordered a briefing schedule on Defendants' motion to dismiss the Complaint. ECF No. 38. Pursuant to that Order, Plaintiff was directed to respond to Defendants' motion on or before November 8, 2019. *Id.* Plaintiff did not file any written opposition prior to the scheduled deadline. On November 20, 2019, the Court ordered Plaintiff to file a response to Defendants' motion or to explain why the action should not be dismissed on or before December 13, 2019. ECF No. 45. Plaintiff has not filed any opposition or explanation to date.

1

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedures provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Because dismissal for failure to prosecute is a "harsh remedy" for "extreme situations," *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)), the Court considers five factors:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Court considers the record of the entire case as a whole, with no one factor being dispositive. *See id.*

Considering the five factors in light of the record of this case, the Court finds dismissal for failure to prosecute an appropriate remedy. Accordingly, the Court GRANTS Defendants' letter motion to dismiss for lack of prosecution. ECF No. 47.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2020
Brooklyn, New York